UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BINGHAM FOX,<br><br>Defendant. | NO. CR16-100RSL<br><br>ORDER DENYING DEFENDANT BINGHAM FOX'S MOTION TO SUPPRESS STATEMENTS |

This matter comes before the Court on defendant Bingham Fox's "Motion to Suppress Statements." Dkt. # 42. Having reviewed the memoranda and exhibits submitted by the parties, and having heard the testimony of Special Agent Richard Vanlandingham and oral argument by the parties, the Court finds as follows.

## BACKGROUND

Defendant Bingham Fox is charged with one count of conspiracy to defraud the United States (under 18 U.S.C. § 371) and one count of Clean Water Act discharge of oils (under 33 U.S.C. § 1319(c)(2)(A), 33 U.S.C. § 1321(b)(3), 18 U.S.C. § 2, and 40 C.F.R. § 110.3). The government alleges that Bingham Fox and his son, Randall Fox, knowingly operated Bingham Fox's boat, the *F/V Native Sun*, without a functioning system to separate oily water from water, knowingly discharged oil into navigable waters in potentially harmful quantities, and conspired to conceal any visible oil by discharging detergent into the affected navigable waters. Dkt. # 4 at 5.

ORDER DENYING DEFENDANT BINGHAM
FOX'S MOTION TO SUPPRESS STATEMENTS - 1

Defendant Bingham Fox moves to suppress statements he made to Coast Guard investigators on September 25, 2013, during a prearranged meeting on the *F/V Native Sun*. At that meeting, which defendant had scheduled after being contacted by the Coast Guard, Special Agent Vanlandingham and Chief Warrant Officer Gary Medina questioned defendant about allegations that oily water had been discharged from aboard the vessel. This questioning occurred first in the wheelhouse of the boat, then in the bilge area. The agents recorded a video of the conversation in the bilge. Dkt. # 49, Ex. 4. The agents never issued Miranda warnings or told defendant that he was free to leave or to end the questioning; defendant never attempted to end the conversation. Defendant argues that his statements should be suppressed as involuntary products of an un-Mirandized custodial interrogation.

## DISCUSSION

The Fifth Amendment right against self-incrimination requires the exclusion of statements elicited in a custodial interrogation unless the suspect was first issued warnings pursuant to Miranda v. Arizona. 384 U.S. 436, 444–45 (1966). Whether an officer must deliver Miranda warnings before interrogating a suspect depends on whether the suspect is "in custody" at the time of the questioning. United States v. Kim, 292 F.3d 969, 974 (9th Cir. 2002). "'[C]ustody' is a term of art that specifies circumstances that are thought generally to present a serious danger of coercion." Howes v. Fields, 132 S. Ct. 1181, 1189 (2012).

To determine whether a suspect was in custody, a court looks at all of the objective circumstances of the interrogation and asks whether "the officers established a setting from which a reasonable person would believe that he or she was not free to leave." Kim, 292 F.3d at 973–74 (quoting United States v. Beraun-Panez, 812 F.2d 578, 580 (9th Cir. 1987)). Relevant circumstances include (1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual. Id. at 974.

ORDER DENYING DEFENDANT BINGHAM
FOX'S MOTION TO SUPPRESS STATEMENTS - 2

Applying those factors to this case, the Court concludes that defendant was not in custody for Miranda purposes. While defendant may not have known the specific purpose of the meeting at the time he arranged it, defendant did voluntarily agree to meet Coast Guard agents at his boat and accompany them from the dock to the wheelhouse, and then to the bilge. See United States v. Bassignani, 575 F.3d 879, 884 (9th Cir. 2009) (concluding that first Kim factor weighs in favor of custody where suspect did not voluntarily "agree to accompany" the officers to the room where questioning occurred). For the same reasons, the degree of pressure applied to detain defendant in this case was minimal, if it can be said that he was "detained" at all.

The duration of the conversations also weighs against a finding of custody, see United States v. Crawford, 372 F.3d 1048, 1052, 1060 (9th Cir. 2004) (defendant not in custody even when questioning lasted "more than an hour"), and the video recording shows that defendant was not confronted with evidence of guilt in an "aggressive, coercive, and deceptive tone," see Bassignani, 575 F.3d at 884.

It is true that the conversations occurred in enclosed spaces – the approximately ten-by-twelve-foot wheelhouse, and the crowded bilge of the boat – but defendant was not physically restrained, and the interview occurred in defendant's own boat, a familiar space. See United States v. Eide, 875 F.2d 1429, 1437 (9th Cir. 1989) (holding that an interrogation conducted in familiar surroundings weighs against a finding that the defendant was in custody). In the video recording of the bilge conversation, defendant appears at ease in the space. See Dkt. # 49, Ex. 4. Though defendant argues that his hearing impairment contributed to the coercive nature of the interrogation, Dkt. # 55 at 5, Special Agent Vanlandingham testified that the engine was off during the interviews, and that defendant did not appear to have any difficulty understanding or answering the agents' questions. The Court concludes that the physical surroundings of the interview weigh against a finding of custody. All things considered, a reasonable person in defendant's situation would have felt free to end the interview and leave.

Thus, the objective circumstances of defendant's September 25th, 2013 interview lead to

the conclusion that defendant was not in custody for the purposes of Miranda. Defendant's statements need not be suppressed as elicited in violation of the Fifth Amendment.

Defendant contends that even if he was not in custody at the time of his interrogation, his statements were nonetheless involuntary and thus must be excluded under the Fourteenth Amendment. All of the facts considered above similarly weigh against a finding that defendant's will was overborne by the circumstances of his questioning. United States v. Preston, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc).

## CONCLUSION

For the all the foregoing reasons, defendant Bingham Fox's motion to suppress (Dkt. # 42) is DENIED.

DATED this 24th day of October, 2016.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT BINGHAM
FOX'S MOTION TO SUPPRESS STATEMENTS - 4