UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BINGHAM FOX,<br><br>Defendant. | NO. CR16-100RSL<br><br>ORDER DENYING U.S. MOTION TO PRECLUDE EXPERT TESTIMONY |

This matter comes before the Court on the government's motion to preclude the testimony of defendant Bingham Fox's proposed expert John Douglas Dixon. Dkt. # 64. Defendant hopes to present Mr. Dixon's expert testimony about oil pollution compliance on fishing vessels similar to the one in this case. The government asks the Court to preclude that testimony on the grounds that defendant's Fed. R. Crim. P. 16(b)(1) expert disclosures were untimely and inadequate, that Mr. Dixon lacks the requisite expertise in the relevant field, and that defendant seeks to introduce Mr. Dixon's testimony as to an ultimate legal issue in the case. Having reviewed the memoranda and exhibits submitted by the parties,[1] the Court finds as follows.

Federal Rule of Criminal Procedure 16(b)(1) requires defendants to disclose certain information, including the results of any scientific test or experiment related to the trial

---

[1] The Court finds this matter suitable for disposition based on the materials submitted by the parties and therefore denies the parties' requests for oral argument.

ORDER DENYING U.S. MOTION
TO PRECLUDE EXPERT TESTIMONY - 1

testimony of a witness, Fed. R. Crim. P. 16(b)(1)(B), and a written summary of the basis for any expert witness opinion testimony, Fed. R. Crim. P. 16(b)(1)(C). The government argues that defendant's expert witness disclosure of October 11, 2016 was provided too close to the former trial date of October 31, 2016, and that in any event the written summary inadequately discloses the basis for Mr. Dixon's opinion testimony. Given the Court's continuance of defendant's trial until March 20, 2017, Dkt. # 73, the government's untimeliness argument is now moot. And the Court concludes that defendant's written summary adequately summarizes both the testimony that Mr. Dixon hopes to present and the basis for that testimony – namely, Mr. Dixon's forty-year career as an engineer focusing on shipboard safety and environmental issues. Dkt. # 64-1 at 1, 4–5.

The government also argues that Mr. Dixon's proposed testimony is irrelevant and unreliable. To be admissible, expert testimony must be both relevant and reliable. Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463–64 (9th Cir. 2014). "Relevance" requires only that the evidence "logically advance a material aspect of the party's case." Cooper v. Brown, 510 F.3d 870, 942 (9th Cir. 2007). "Reliability" requires that the expert's testimony have "a reliable basis in the knowledge and experience of the relevant discipline." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993)). It is the Court's responsibility to act as gatekeeper, excluding "junk science" that does not meet those standards. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011).

Defendant offers Mr. Dixon, a licensed marine engineer, for his expert testimony on common environmental practices aboard fishing vessels like defendant's. The government argues that Mr. Dixon should not be permitted to testify as to what environmental practices are permitted by federal law, or that it is common practice for fishing vessels to discharge oily water overboard in violation of that law. The Court agrees that an expert witness may not give his opinion on legal conclusions, such as what conduct federal law permits. See Hangarter v.

ORDER DENYING U.S. MOTION
TO PRECLUDE EXPERT TESTIMONY - 2

Provident Life & Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004).  But testimony regarding the common environmental practices of fishing vessels may be both relevant and helpful to the fact-finder in understanding the complex technical facts of this case, see Fed. R. Evid. 702, and so Mr. Dixon may express his opinion on those practices without commenting on whether they comply with or violate federal law.  The government may object to Mr. Dixon's testimony during trial and the Court will make its determination regarding the propriety of the testimony at that time.

      The government also argues that Mr. Dixon's background does not qualify him to testify regarding the chemical and biological characteristics of oily bilge water and certain cleaning solvents.  But Mr. Dixon need not be a chemist or biologist to develop an expert-level familiarity with characteristics of bilge water and cleaning solvents.  The Court finds that Mr. Dixon's research on oil pollution compliance and his experience conducting environmental audits of fishing vessels qualifies him to testify on the basis of his familiarity with oily bilge water and bio-remedial cleaning solvents.  This experience also qualifies Mr. Dixon to testify regarding whether, in his experience, fishing vessels pump oily bilge water overboard when the vessel holds contain live seafood.  All of this testimony may well help the fact-finder understand technical aspects of this case.  See Fed. R. Evid. 702.  The government may test the basis for Mr. Dixon's opinions on cross-examination, and to the extent Mr. Dixon's testimony veers outside the scope of his experience, the government may object.

      The Court is also unpersuaded by the government's argument that Mr. Dixon's testimony is unreliable because he never personally inspected defendant's vessel.[2]  An expert witness is permitted wide latitude to offer opinions, including opinions not based on firsthand knowledge or observation, so long as the expert's opinion has a reliable basis in the knowledge and experience of his discipline.  Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th

---

[2] Defendant argues that Mr. Dixon has, in fact, been aboard defendant's vessel on multiple occasions.  Dkt. # 75 at 11.

ORDER DENYING U.S. MOTION
TO PRECLUDE EXPERT TESTIMONY - 3

Cir. 2001); Fed. R. Evid. 703.  Upon review of Mr. Dixon's qualifications, Dkt. # 64-1 at 1–5, the Court concludes that Mr. Dixon's experience with marine safety and environmental practices is sufficiently reliable that total preclusion of his testimony is unwarranted.  The government will have the opportunity to test Mr. Dixon's opinions on cross-examination.

The Court does, however, agree with the government that Mr. Dixon may not testify as to the state of mind of defendant and other crew members based on speculation regarding their interpretation of a Clean Water Act placard.  Federal Rule of Evidence 704(b) explicitly provides that: "In a criminal case, an expert witness must not state an opinion about whether the defendant did nor did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."  The Court will not admit expert testimony stating an opinion on whether defendant possessed a culpable state of mind, but to avoid precluding relevant and admissible testimony, the Court will reserve ruling on the admissibility of specific expert testimony until it is presented in context.

## CONCLUSION

For the all the foregoing reasons, the government's motion to preclude the expert testimony of John Douglas Dixon (Dkt. # 64) is DENIED.

DATED this 25th day of January, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING U.S. MOTION
TO PRECLUDE EXPERT TESTIMONY - 4