UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BINGHAM FOX,<br>RANDALL FOX,<br><br>Defendants. | NO. CR16-100RSL<br><br>ORDER DENYING BINGHAM FOX'S MOTION TO QUASH SUBPOENA FOR RECORDS SERVED ON DEFENSE EXPERT, JOHN DIXON |

This matter comes before the Court on defendant Bingham Fox's motion to quash the subpoena for records served on defendant's expert witness, John Douglas Dixon. Dkt. # 108. Defendant hopes to present Mr. Dixon's expert testimony about oil pollution compliance on fishing vessels similar to the one in this case. The government has served Mr. Dixon with a trial subpoena for records on which Mr. Dixon has relied in forming his expert opinions. Defendant moves to quash that subpoena on the grounds that it is unduly burdensome and seeks irrelevant and inadmissible materials. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.

Federal Rule of Criminal Procedure 17(c) permits a party to subpoena certain documents for inspection before they are offered in evidence at trial. A subpoena must seek information that is (1) relevant; (2) admissible; and (3) specific. See United States v. Nixon, 418 U.S. 683, 699–700 (1974). Per Fed. R. Crim. P. 17(c)(2), a court may quash or modify a subpoena if

ORDER DENYING BINGHAM FOX'S MOTION
TO QUASH SUBPOENA FOR RECORDS - 1

compliance would be unreasonable or oppressive.

The government represents that it is already satisfied with many of Mr. Dixon's responses thus far, and that, for the remaining items sought, it is willing to refine the scope and breadth of the subpoena to alleviate the burden on Mr. Dixon, see Dkt. # 114 at 3–4. In light of this, the Court concludes that defendant has not met his burden of establishing standing to quash the subpoena by showing that the subpoena served on Mr. Dixon causes injury to his own legitimate interests by revealing his proprietary information or by delaying trial. See United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997). The Court trusts that the parties can resolve this dispute without judicial intervention.

For the all the foregoing reasons, Bingham Fox's motion to quash the subpoena for records served on defense expert John Dixon (Dkt. # 108) is DENIED.

DATED this 16th day of March, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING BINGHAM FOX'S MOTION
TO QUASH SUBPOENA FOR RECORDS - 2