UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>BINGHAM FOX,<br>RANDALL FOX,<br><br>        Defendants. | No. CR16-100RSL<br><br>ORDER GRANTING IN PART AND RESERVING IN PART DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on the motions in limine of defendant Bingham Fox (Dkt. # 112). Having reviewed the parties' briefing and the remainder of the record, the Court finds and rules as follows.

Defendant is charged with two counts grounded on the government's allegations that he operated his fishing vessel, the *F/V Native Sun*, without a functioning system to prevent oily water from being pumped overboard. Specifically, defendant is charged with one count of violating the Clean Water Act (CWA) and one count of conspiring to violate the CWA and the Act to Prevent Pollution from Ships.

At the outset, the Court addresses the government's contention that defendant's motions in limine are untimely because the Court did not explicitly extend the deadline for pretrial motions when it continued defendant's trial date from October 31, 2016 to March 20, 2017. See Dkt. # 73. While it is true that the Court did not set a revised pretrial motions deadline,

ORDER GRANTING IN PART AND RESERVING
IN PART DEFENDANT'S MOTIONS IN LIMINE - 1

defendant's motions present evidentiary arguments that would otherwise be raised in the middle of trial; accordingly, those arguments can hardly be considered untimely when raised four weeks before trial begins. In the interest of judicial economy, the Court will address defendant's motions now.

Bingham Fox moves to exclude the following: (1) evidence relating to former crew member Anthony Zavala's worker's compensation claim; (2) evidence that a claim was made under the *F/V Native Sun*'s vessel pollution insurance policy; (3) statements made by Bingham Fox when he was served with a grand jury subpoena; (4) reference to Bingham Fox's counsel producing documents in response to a grand jury subpoena; (5) statements made by Randall Fox that incriminate Bingham Fox; (6) any statement by Bingham Fox not previously disclosed.

This order addresses each of these motions in turn.

**A.    Evidence of Anthony Zavala's Worker's Compensation Claim**

Defendant seeks to exclude allegations that he denied employing government witness Anthony Zavala in the context of a claim for worker's compensation that Mr. Zavala allegedly sought, as well as evidence that defendant did not carry worker's compensation insurance for members of the *F/V Native Sun* crew. Defendant contends that this is character evidence and accordingly inadmissible under Fed. R. Evid. 404(b). The government has provided notice of its intent to introduce this evidence under Fed. R. Evid. 404(b)(2), as probative of "consciousness of guilt." Dkt. # 119 at 3–4. The Court agrees with defendant that his failure to carry worker's compensation insurance is more prejudicial than probative of any "consciousness of guilt" relating to the alleged oil-discharge violations and will exclude evidence of that lack of insurance for that purpose. But evidence that defendant denied employing Mr. Zavala after Mr. Zavala allegedly reported oil discharge on the *F/V Native Sun* may be admissible as probative of motive, knowledge, consciousness of guilt, or concealment. The Court will reserve ruling on the admissibility of such evidence until it is presented in context.

Defendant's first motion in limine is GRANTED in part and RESERVED in part.

ORDER GRANTING IN PART AND RESERVING
IN PART DEFENDANT'S MOTIONS IN LIMINE - 2

**B.     Evidence Regarding Claims Under the *F/V Native Sun*'s Vessel Pollution Insurance Policy**

Defendant seeks to exclude evidence relating to a claim that defendant's counsel submitted on defendant's behalf under the *F/V Native Sun*'s vessel pollution insurance policy. The government argues that the statements made in this claim are admissible as statements by an agent of the opposing party under Fed. R. Evid. 801(d)(2)(C) and (D). Evidence that defendant's counsel sought an insurer's contributions to the cost of this defense is more prejudicial than probative of defendant's guilt. Moreover, the Court agrees with defendant that introducing evidence of this claim would require defendant's counsel to testify as a witness. See Dkt. # 112 at 8 n.5. Accordingly, the Court will exclude evidence regarding the vessel pollution insurance claim filed by defendant's counsel.

Defendant's second motion in limine is GRANTED.

**C.     Statements Made by Bingham Fox to Agent Vanlandingham**

Defendant seeks to exclude evidence of statements he made to Agent Vanlandingham when Agent Vanlandingham came to defendant's home to serve him with a grand jury subpoena. Agent Vanlandingham has testified that defendant asked him, "What did that bitch say now?", and that Agent Vanlandingham understood this to be in reference to unsubstantiated sexual harassment allegations unrelated to the oil-discharge investigation. The government argues that this statement is admissible as a statement of the opposing party under Fed. R. Evid. 801(d)(2)(A), and that it is probative of defendant's guilt. The Court agrees with defendant that this evidence is more prejudicial than probative of defendant's guilt and will exclude evidence of defendant's statements to Agent Vanlandingham during service of the grand jury subpoena.

Defendant's third motion in limine is GRANTED.

**D.     Reference to Counsel Producing Documents in Response to Grand Jury Subpoena**

Defendant seeks to exclude evidence that, in response to a grand jury subpoena, defendant's counsel found and produced business records that defendant himself had failed to

ORDER GRANTING IN PART AND RESERVING
IN PART DEFENDANT'S MOTIONS IN LIMINE - 3

produce earlier in this litigation. The government argues that defendant deliberately declined to produce those documents in an attempt to impede the government's investigation. Dkt. # 119 at 7–8. The government may, of course, refer to or introduce the documents themselves (to the extent they are otherwise admissible). But the government may not introduce evidence of the disclosures' timing for the purpose of showing consciousness of guilt during the government's case in chief. If evidence of the disclosures' timing becomes relevant for impeachment purposes, the Court will rule on the admissibility of the evidence for that purpose at that time.

Defendant's fourth motion in limine is GRANTED in part and RESERVED in part.

**E.     Statements Made by Randall Fox that Incriminate Bingham Fox**

Defendant moves to exclude statements by co-defendant Randall Fox that incriminate Bingham Fox, citing Bruton v. United States, 391 U.S. 123 (1968). Bruton provides that a co-defendant's statement incriminating a defendant is inadmissible unless the co-defendant is available for cross-examination. Id. at 137. The government responds that it will instruct its witnesses to testify using generalities rather than specifics so as to "sanitize" the testimony and avoid a Bruton problem. See United States v. Peterson, 140 F.3d 819, 822 (9th Cir. 1998) (providing examples of permissible "sanitized" testimony). The Court will reserve ruling on the admissibility of specific testimony until it is presented in context.

The Court RESERVES ruling on defendant's fifth motion in limine.

**F.     Statements Made by Bingham Fox Not Previously Disclosed**

Finally, defendant asks the Court not to admit any previously undisclosed statements by defendant until after defendant's counsel has had the opportunity to hold a hearing on that statement outside the presence of the jury. Defense counsel may raise objections to such statements, if any, at trial, and the Court will address their admissibility at that time.

The Court RESERVES ruling on defendant's sixth motion in limine.

1  For the all the foregoing reasons, the Court GRANTS in part and RESERVES in part defendant's motions in limine (Dkt. # 112).

SO ORDERED this 16th day of March, 2017.

*MrT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND RESERVING
IN PART DEFENDANT'S MOTIONS IN LIMINE - 5