1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    UNITED STATES OF AMERICA,

10                    Plaintiff,                     NO. CR16-100RSL

11              v.

12    BINGHAM FOX,                                   ORDER GRANTING
      RANDALL FOX,                                   DEFENDANTS' MOTION TO
13                                                   COMPEL DISCOVERY OF
                      Defendants.                    REBUTTAL WITNESS
14

15         This matter comes before the Court on the motion of defendants Bingham Fox and

16   Randall Fox to compel discovery regarding the government's expert rebuttal witness, Daniel

17   Hardin.  Dkt. # 113.  The government hopes to present Mr. Hardin's expert testimony to rebut

18   defense witness John Dixon's testimony about oil pollution compliance on fishing vessels.

19   Defendants seek disclosure of a written summary of Mr. Hardin's expected testimony, including

20   his opinions and the basis thereof.

21         The government responds, correctly, that rebuttal testimony is exempt from the pretrial

22   disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G).  See United States v. Hankins, 539 F.

23   App'x 757, 758 (9th Cir. 2013).  At the same time, however, the ends of justice are best served

24   by a system of liberal discovery, which gives both parties the maximum possible amount of

25   information with which to prepare their cases and thereby reduces the possibility of surprise at

26   trial.  Wardius v. Oregon, 412 U.S. 470, 473 (1973).  Applying this principle, the Ninth Circuit

27

28   ORDER GRANTING DEFENDANTS' MOTION
     TO COMPEL DISCOVERY OF REBUTTAL WITNESS - 1

has granted habeas relief on the grounds that state procedural rules that imposed non-reciprocal expert witness disclosure obligations on a criminal defendant violated due process.  See Camp v. Neven, 606 F. App'x 322, 325–26 (9th Cir. 2015) ("We conclude that allowing the State to present unnoticed expert rebuttal testimony when [the defendant] was required to disclose his own expert testimony on the same issues was a violation of [Wardius.]").  While the government cannot be expected to predict exactly what rebuttal testimony will be required of Mr. Hardin, neither can the government be permitted to prepare Mr. Hardin using details from defendants' Rule 16 disclosures without giving defendants "a meaningful opportunity to critique" Mr. Hardin's testimony in return.  See Camp, 606 F. App'x at 326.

For the all the foregoing reasons, defendants' motion to compel discovery of rebuttal witness Daniel Hardin (Dkt. # 113) is GRANTED.  The government is hereby ordered to provide defendants with a written summary of Mr. Hardin's expected testimony, including his opinions and the basis thereof.  Mr. Hardin will not be barred from testifying beyond the scope of this summary to the extent that Mr. Dixon's testimony requires him to do so in rebuttal.

SO ORDERED this 16th day of March, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
TO COMPEL DISCOVERY OF REBUTTAL WITNESS - 2