UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

BINGHAM FOX,

          Defendant.

Case No. CR16-100RSL

COURT'S INSTRUCTIONS TO
THE JURY

DATED this ___29th___ day of March, 2017.

MMS Lasnik

Robert S. Lasnik
United States District Judge

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 2**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTIONS TO THE JURY

1
2

**INSTRUCTION NO. 3**

3       The defendant has testified.  You should treat this testimony just as you would the

4    testimony of any other witness.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 5**

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits received in evidence; and

    (3)    any facts to which the parties have agreed.

# INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 9**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 10**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO. 11**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 12**

You have heard testimony that the defendant made statements.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# INSTRUCTION NO. 13

You have heard testimony from witnesses who testified to opinions and the reasons for those opinions. This opinion testimony is allowed because of the education or experience of these witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 14**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 15

During the trial, certain items were admitted into evidence, but because those items are unwieldy or otherwise difficult to view, they have not been sent back to the jury room. If, during the course of your deliberations, you would like to view those items, you may request to do so by sending a note to me through the clerk (using the process described in Instruction No. 29).

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 16**

Bingham Fox is charged with conspiring to violate the Clean Water Act and the Act to Prevent Pollution from Ships in violation of Section 371 of Title 18 of the United States Code. In order for Bingham Fox to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 1, 2011, and ending on or about September 8, 2013, there was an agreement between two or more persons to commit at least one crime as charged in the indictment (and as those crimes are defined in Instruction No. 18 (Clean Water Act) and Instruction No. 21 (Act to Prevent Pollution from Ships));

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy. In order to convict the defendant of conspiracy, you must unanimously agree as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 17**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**INSTRUCTION NO. 18**

Bingham Fox is also charged with violating the Clean Water Act by knowingly discharging oil or hazardous substances in a quantity that may be harmful into the navigable waters of the United States, upon adjoining shorelines, or into the contiguous zone, in violation of Title 33, United States Code, Sections 1319(c)(2)(A) and 1321(b)(3); Title 18, United States Code, Section 2; and Title 40, Code of Federal Regulations, Section 110.3.

In order for Bingham Fox to be convicted of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Bingham Fox knowingly discharged, or directed others to discharge, a substance into the navigable waters of the United States, upon adjoining shorelines, or into the waters of the contiguous zone;

Second, the discharge was of oil or a hazardous substance;

Third, Bingham Fox knew that the substance was oil or a hazardous substance; and

Fourth, the oil or hazardous substance was discharged in quantities that may be harmful.

If the government fails to prove any of those elements beyond a reasonable doubt, you must find Bingham Fox not guilty of violating the Clean Water Act.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 19

As to the Clean Water Act charge:

"Discharge" includes, but is not limited to, any spilling, leaking, pumping, pouring, emitting, emptying, or dumping.

"Oil" means oil of any kind or in any form, including, but not limited to, petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged spoil.

Discharge of oil is in "quantities that may be harmful" if it causes a film, sheen, or discoloration upon the surface of the water or adjoining shorelines; or if it causes a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines.

"Navigable waters" means waters that are actually navigable and susceptible to use in interstate or foreign commerce; waters that are subject to the ebb and flow of the tide; and the territorial seas, which extend three miles seaward from the ordinary low tide mark.

"Owner or operator" means any person owning, operating, or chartering by demise the vessel in question.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 20**

In this case, Bingham Fox is charged with a Clean Water Act violation. A defendant may be found guilty of a Clean Water Act violation even if he did not personally commit the act or acts constituting the crime, but rather aided or abetted in its commission. To prove a defendant guilty of violating the Clean Water Act by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, a Clean Water Act violation was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of that Clean Water Act violation;

Third, the defendant acted with the intent to facilitate the Clean Water Act violation; and

Fourth, the defendant acted before the Clean Water Act violation was completed.

It is not enough that the defendant merely associated with the person committing the Clean Water Act violation, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the violation. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the Clean Water Act violation.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 21**

As explained in Instruction No. 16, Bingham Fox is charged with conspiring to violate the Act to Prevent Pollution from Ships. To violate the Act to Prevent Pollution from Ships, a person must:

First, knowingly discharge or direct others to discharge a substance into the sea from a ship;

Second, the substance is oil or an oily mixture (that is, a mixture in any form with any oil content); and

Third, the person knows that the substance is oil or an oily mixture.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 22

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 23**

You may find that the defendant knew that a substance was oil or a hazardous substance if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the substance was oil or a hazardous substance, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that a substance was not oil or a hazardous substance, or if you find that the defendant was simply careless.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 24

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 25**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

COURT'S INSTRUCTIONS TO THE JURY

1

2

**INSTRUCTION NO. 26**

3      Some of you have taken notes during the trial.  Whether or not you took notes, you should

4   rely on your own memory of what was said.  Notes are only to assist your memory.  You should

5   not be overly influenced by your notes or those of your fellow jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 27

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

**INSTRUCTION NO. 28**

2

3    A verdict form has been prepared for you.  After you have reached unanimous agreement

4  on a verdict, your presiding juror should complete the verdict form according to your

5  deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS TO THE JURY

1

**INSTRUCTION NO. 29**

2

3     If it becomes necessary during your deliberations to communicate with me, you may send

4  a note through the clerk, signed by any one or more of you. No member of the jury should ever

5  attempt to communicate with me except by a signed writing, and I will respond to the jury

6  concerning the case only in writing or here in open court. If you send out a question, I will

7  consult with the lawyers before answering it, which may take some time. You may continue

8  your deliberations while waiting for the answer to any question. Remember that you are not to

9  tell anyone--including me--how the jury stands, numerically or otherwise, on any question

10  submitted to you, including the question of the guilt of the defendant, until after you have

11  reached a unanimous verdict or have been discharged.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS TO THE JURY